IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**RAMAH NAVAJO SCHOOL BOARD, INC.**

        **Plaintiff,**                         **No. CIV-07-0289 MV/ACT**

**v.**

**KATHLEEN SEBELIUS, Secretary of**
**the United States Department of Health and**
**Human Services, et al.,**

        **Defendants.**


## MAGISTRATE JUDGES'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the undersigned Magistrate Judge on the Order of Reference filed on July 13, 1012 by the Honorable Martha Vazquez, pursuant to the provisions of 28 U.S.C. §§ 636(b)(1)(A) and Fed.R.Civ.P. 72 (a) [Doc. 130], to hear and determine Plaintiff's Motion and Memorandum for Leave to File First Amended Complaint  [Doc. 107]. The undersigned Magistrate Judge has determined that a hearing is not necessary and that the Motion should be denied.

### Factual Background

1.   The factual background leading up to the filing of this lawsuit is set forth in Judge Vazquez' Memorandum Opinion and Order dated February 6, 2008 [Doc. 47],  the undersigned Magistrate Judge's Proposed Findings and Recommended Disposition (on damages) [Doc. 82] and Judge Vazquez' Memorandum Opinion and Order declining to adopt the Magistrate Judge's

Proposed Findings and Recommended Disposition [Doc. 99].

Procedural Background.

2.   This action commenced on March 26, 2007, when Plaintiff Ramah Navajo School Board, Inc. ("RNSB" or "Plaintiff") filed suit challenging the Defendants' denial of RNSB's self-determination contract proposal under the Indian Self-Determination and Education Assistance Act, 25 U.S.C. § 450 *et seq.* ("ISDA"). [Doc. 1.]

3.   On February 6, 2008, Judge Vazquez entered a Memorandum Opinion and Order wherein she determined that the ISDA "required" that the Secretary approve RNSB's proposed self-determination contract "because none of the specified statutory grounds for declination existed." [Doc. 47 at p. 17.]

4.   Judge Vazquez ordered that RNSB "was entitled to injunctive relief on its first cause of action in accordance with 25 U.S.C. § 440m-l(a)." [Doc. 47 at p. 18.] She also ordered that Plaintiff's Emergency Motion to Preserve Funds was denied as moot.  RNSB was directed to submit a form of order which required Defendants to reverse their declination of RNSB's proposed self-determination contract.  Judge Vazquez further ordered that if the parties were unable to reach an agreement, Plaintiff was to file a motion for a presentment hearing. [*Id.*]

5.   On February 22, 2008, the Plaintiff filed its first Motion for Presentment Hearing. [Doc. 50.]  On September 10, 2008, Plaintiff filed a Notice of Revised Proposed Order. [Doc. 56.]  On September 19, 2008, Judge Vazquez ordered Defendants to file objections to the Plaintiff's Revised Proposed Order and Plaintiffs to file a response to the objections. [Doc. 57.] On October 3, 2008, Plaintiffs filed a Notice of Completion of Briefing on the Proposed Presentment Order. [Doc. 60.]   On July 22, 2009, Plaintiff filed a Second Revised Proposed Order. [Doc. 63.]  On September 30, 2009, the briefing on the Second Revised Proposed Order

as ordered by Chief Judge Vazquez was completed. [Doc. 70.] On May 19, 2010, Judge

Vazquez referred the case to the undersigned Magistrate Judge to "conduct a hearing, including

an evidentiary hearing if warranted, and to perform any legal analysis required to recommend to

the Court whether and to what extent damages should be awarded" within ninety (90) days of the

order. [Doc. 72.] None of the Plaintiff's three proposed orders requested any damages associated

with an alleged breach of fiduciary duty on the part of Defendants for failing to act on Judge

Vazquez' order of February 6, 2009.

      6.   The undersigned Magistrate Judge held an evidentiary hearing on July 21, 2010

[Doc. 77] after first allowing each party to submit memoranda outlining their position. [Doc. 75

and 76.]   At the hearing the undersigned Magistrate Judge took witness testimony, and

considered the evidence in this case. [Doc. 77.]

      7.   At the hearing, Plaintiff moved the Court to "conform the pleadings to the evidence."

[Doc. 77 at pp. 214-215.] The undersigned Magistrate Judge stated that Plaintiff's request was a

bit nebulous and asked Plaintiff's counsel if he meant in his request that the complaint be

conformed to the evidence.  Plaintiff's counsel stated that he did, but did not elaborate further.

Specifically, he did not raise the issue of adding additional claims to include a claim for breach

of fiduciary duty.  The Court stated that it was not sure that a ruling was necessary given the

purpose of the hearing but took the motion under advisement. [*Id.*]

      8.   The undersigned Magistrate Judge allowed each party to file a final brief in the form

of Findings of Fact and Conclusions of Law and ordered the briefs filed by August 6, 2010.

[Doc. 77.]  Both parties filed Proposed Findings of Fact and Conclusions of Law. [Doc. 78 and

Doc. 79.]  Plaintiff did not seek to amend or conform the pleading to include a claim for breach

of fiduciary duty in its Findings of Fact and Conclusions of Law. [Doc. 78.]

9.   On August 17, 2010, the undersigned Magistrate Judge issued its Proposed Findings and Recommended Disposition [Doc. 82] pursuant to Judge Vazquez's Order of Reference.  The undersigned Magistrate Judge recommended that Plaintiff's request for money damages based on the amount of tribal shares they would have received for FY 2007-2010 be denied, that the Court not award Plaintiff any contract support costs from 2008 to 2010 and that the Court direct the parties to enter into a self-determination contract by a date certain. [Doc. 82 at p. 16.]

10.   Plaintiff filed Objections to the Report and Recommendation, the Defendants filed a Response, and Plaintiff filed a Reply. [Doc. 85, 87, 91.]  Plaintiff's Objections noted that, at the evidentiary hearing on damages, it had asked the Magistrate Judge to "conform the evidence to the pleadings." [Doc. 85 at p. 23, n.16 and at p. 38.]   As discussed by the Plaintiff in its Objections, it appears that this request proposed a modification of the "existing mature contract" to include contract support costs and unpaid tribal shares rather than create a new contract following Defendants' wrongful declination.  Again, Plaintiff did not request that the Complaint be amended to include a claim for breach of fiduciary duty.

11.   On September 28,  2011, Judge Vazquez filed a Memorandum Opinion and Order [Doc. 99] declining to adopt the undersigned Magistrate Judge's  Proposed Findings and Recommended Disposition [Doc. 82].  Instead Judge Vazquez ruled that Plaintiff was entitled to damages for the wrongful declination and the "issue now is whether or not Defendants' obligation to enter a contract with Plaintiff, and their ensuring failure to do so, entitles Plaintiff to damages for 2008, 2009 and 2010" [Doc. 99 at p. 4] and ordered that the Court would "hold an evidentiary hearing as to the issue of damages." [*Id.* at p. 1.]  Judge Vazquez ordered the parties to file within twenty-one days of her Order, their witness and exhibit lists pertaining to the issues of damages and to also advise the Court "as to any other issues pertaining to the

4

hearing." [*Id.* at p. 12.]

12.   On April 20, 2012, Plaintiff filed its Motion and Memorandum for Leave to File First Amended Complaint (hereafter "Motion to Amend") [Doc. 107.]

13.   On June 25-27, 2012, Judge Vazquez held an evidentiary hearing on damages. [Doc. 126, 127 and 128.]  On the first day of the evidentiary hearing, Plaintiff inquired about its pending Motion to Amend and Judge Vazquez  stated that it would not be taken up at that time. [Doc. 123 at p. 5.]

14.   On July 13, 2012, Judge Vazquez referred the Plaintiff's Motion to Amend to the undersigned Magistrate Judge. [Doc. 130.]

<u>Plaintiff's Motion for Leave to File Amended Complaint</u>

15.   Plaintiff's Complaint, which was filed on March 26, 2007,  is captioned "Complaint for Immediate Mandatory Relief, Declaratory Judgement and Other Relief" [Doc. 1] and states the following four causes of action: the first and second cause of action assert that Defendants wrongfully declined to accept Plaintiff's proposed self-determination contract, either in whole or in part, in violation of the ISDA [*Id.* at  ¶¶ 30-42]; the third case of action challenged the Defendants' adoption of a new mandatory rule regarding contract support costs [*Id.* at ¶¶ 43-44]; and the fourth cause of action alleged that the rule regarding contract support costs was not published pursuant to the Administrative Procedures Act (APA) 5 U.S.C. § 533 and constituted a failure to observe procedures required by the APA and by the Fifth Amendment to the United States Constitution.  [*Id.*  at  ¶¶ 45-46] .

16.   Plaintiff's Motion to Amend attaches a proposed First Amended Complaint captioned "First Amended Complaint for Breach of Indian Self-Determination Act and Breach of Fiduciary Duty." [Doc. 107 at Ex. A.]  The proposed First Amended Complaint asserts the

following two claims:  "(a) breach of the Indian Self-Determination Act by defendants and (b) breach of the trust and fiduciary duty by defendants."  [Doc. 107 at p. 3.]  Plaintiff argues that the "operative facts entitling that relief are not different from those alleged in the original complaint" [*Id.* at p. 3] and that the "parties have functionally engaged in litigation of the claims as pled in the [proposed] Amended Complaint following the Court's Order of Reference to the Magistrate [Judge][1] ."  [*Id*. at p. 4]

17.    Defendants filed their Response in Opposition to Plaintiff's Motion to Amend on May 7, 2012. [Doc. 110.]  Defendants point out that Plaintiff's proposed amended complaint contains two additional claims.  One claim is for damages on the Indian Self-Determination and Education Act, 25 U.S.C. § 450 *et seq.*  ("ISDA"), which Defendants state is already before the Court on the issue of damages alone, as liability has already been decided. [*Id.* at p. 4.] The

_____

[1] In several instances counsel for Plaintiff refers to the "Magistrate."  The undersigned Magistrate Judge would point out that there is no such thing as a Magistrate in the federal judicial system.  The position of **Magistrate Judge** was established by Congress in 1968 expanding on the 175 year old United States commissioner system.  Our former title "magistrate" was used until 1990 when 28 U.S.C. § 631, the statute creating our position, was amended.  Pursuant to the Judicial Improvements Act of 1990, Section 321, Pub.L. 101-650, 104 Stat. 5122, Congress changed our title, stating:

> After the enactment of this Act [December 1, 1990], each United States magistrate appointed under section 631 of title 28, United States Code, shall be known as a United States magistrate judge. . .

Since that time Congress has altered numerous federal statutes to conform and use the term "United States magistrate judge."  Similarly, the Supreme Court has amended both the Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure to use the term "magistrate judge."  28 U.S.C. § 451 states "judge of the United States includes judges of the courts of appeals, district courts. . . etc.," and the later includes district judges, magistrate judges, and bankruptcy judges.

Referring to a magistrate judge as a "magistrate"is the equivalent of calling a district judge a "district" or a circuit judge a "circuit."

second claim is for breach of fiduciary duty, which Defendants assert is a new claim and premised on two factual situations: (1) that Defendants gave Plaintiff "incorrect advice" at the outset of contract negotiations for Plaintiff's contract proposal which is the subject of this lawsuit; and (2) that Defendants had an "affirmative duty" to act on the Court's February 2008 order by 'immediately modifying the contract to add the missing tribal shares or to seek the Court's permission not to do so pending further proceedings.'"  [Doc. 110 at p. 4 quoting Doc. 107 at Ex. A at ¶¶ 30 and 31.]  Defendants argue that the proposed claim for breach of fiduciary duty is a completely new claim and should not be permitted at this stage of the litigation.

18.    Plaintiff replies that "[t]he uncontested evidence adduced at the hearing before the undersigned Magistrate Judge was that in 2006 the Indian Health Service intentionally gave incorrect advice to RNSB [and that] bad advice led to this protracted law suit." [Doc. 111 at p.3.]  Plaintiff also argues that "these actions breached Defendants' duty of good faith and fair dealing." [*Id.* at p. 4.]  Finally, Plaintiff asserts that Judge Vazquez' Order of September 28, 2011 [Doc. 99] "expressly notified Defendants that evidence of enhanced damages stemming from Defendants' further bad faith behavior in failing to issue the contract promptly after the Court's reversal of the declination would be accepted at the upcoming hearing[2]."  [ *Id.*  at p. 5.]

<u>Law Regarding Federal Rule of Civil Procedure 15</u>

19.   Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after service of the pleading or within 21 days of a responsive pleading, if applicable.  After that, "a party may amend the party's pleading only with the opposing party's consent or the court's leave."  Fed.R.Civ.P. 15(a).  Fed.R.Civ.P. 15(d)

---

[2] The "upcoming hearing" refers to the damages hearing held by Judge Vazquez on June 25-27, 2012.

provides that on "reasonable notice, the court may, on just terms, permit a party to serve a

supplemental pleading setting out any transaction, occurrence, or event that happened after the

date of the pleading to be supplemented."  The Court applies the same standards in determining a

motion to supplement under Rule 15(d) as it does a motion to amend under Rule 15(a).

*Southwest Nurseries LLC. V. Florists Mut. Ins. Co.,* 266 F. Supp. 2d. 1253, 1256 (D. Colo.

2003).

20.   Generally, leave to amend should be freely given when justice so requires.

Fed.R.Civ.P.15(a)(2).   "Rule 15 ... was designed to facilitate the amendment of pleadings except

where prejudice to the opposing party would result." *United States v. Hougham*, 364 U.S. 310,

316, 81 S.Ct. 13, 5 L.Ed.2d 8 (1960);  *Evans v. McDonald's Corp.*, 936 F.2d 1087, 1090-91

(10th Cir.1991) ("As a general rule, a plaintiff should not be prevented from pursuing a valid

claim ..., provided always that a late shift in the thrust of the case will not prejudice the other

party in maintaining his defense upon the merits." (internal quotation marks omitted)); 6 Wright,

Miller & Kane, Federal Practice and Procedure § 1487 (2d ed. 1990) ("Perhaps the most

important factor listed by the Court and the most frequent reason for denying leave to amend is

that the opposing party will be prejudiced if the movant is permitted to alter his pleading.").

"Courts typically find prejudice only when the amendment unfairly affects the defendants 'in

terms of preparing their defense to the amendment.'" *Minter v. Prime Equipment Co.*, 451 F.3d

1196, 1207-1208 (10th Cir. 2006) quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971).

21.   Denial of a motion to amend is appropriate in cases of "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party, [or] futility of amendment."  *Forman*

*v. Davis*, 371 U.S. 178, 182 (1962).  The Tenth Circuit has often found untimeliness alone a

sufficient reason to deny leave to amend, "especially when the party filing the motion has no

adequate explanation for the delay." *Frank v. U.S. West, Inc*., 3 F.3d 1357, 1365–66 (10th

Cir.1993) (listing cases).  It is appropriate for a court to deny a motion to amend the complaint

"if the party learned of facts upon which its proposed amendment is based and nevertheless

unreasonably delayed in moving to amend it complaint." *Guidance Endodontics, LLC v.

Dentsply Int'l, Inc.,* 2009 WL 3672505 at *3 (D.N.M. Sept. 29, 2009)(unpublished).

<u>Discussion</u>

22.   Plaintiff's Motion to Amend Complaint seeks to add two claims as discussed above

in ¶16: (1) breach of the Indian Self-Determination Act by Defendants and (2) breach of the trust

and fiduciary duty by defendants.  [Doc. 107 at p. 3.]

23.    Plaintiff's first claim entitled "Violation of the ISDA" [Doc. 107-1 at ¶¶ 25-26] is

currently before the Judge Vazquez on the issue of damages; liability having been decided. [Doc.

99.]  There is no need to amend the Complaint to assert this claim as it is already in the

Complaint. [*See* Doc. 1.]

24.   Plaintiff's second claim in the proposed amended complaint is captioned "Breach of

Fiduciary Duty."  This is a new claim and is premised on two different factual scenarios.

25.   The first factual premise for the breach of fiduciary duty claim is that in 2006

Defendants allegedly gave Plaintiff "incorrect advice" when Defendants informed Plaintiff that it

needed to submit a contract application for the programs it sought to contract, rather than having

the funds simply added to Plaintiff's Annual Funding Agreements. [Doc. 107-1 at ¶ 30; Doc. 111

at p. 3.]  This "bad advice led to this protracted lawsuit." [Doc. 111 at p. 3.]   This factual basis

for the proposed breach of fiduciary duty claim rests on actions which occurred in 2006, *prior to*

the declination of the Plaintiff's contract and *prior* to the filing of the original Complaint. [Doc.

111 at p. 3.]

26.   The Tenth Circuit instructs that when determining whether to allow the amendment of a complaint, the court should typically considers several factors.

> These include whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, was offered in good faith, or that the party had sufficient opportunity to state a claim and failed. <u>Where the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint, the motion to amend is subject to denial.</u>

*Las Vegas Ice and Cold Storage Co. v. Far West Bank,* 893 F.2d 1182, 1185 (10th Cir.1990)(emphasis added) quoting *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405,416 (10th Cir.1984).

27.   Here, Plaintiff knew, or should have known, about any alleged breach of fiduciary duty claim based on Defendants' "alleged bad advice" prior to the time it filed its Complaint in 2007 yet it omitted this claim from the Complaint.  Plaintiff offers no explanation whatsoever for this omission or the delay in asserting this claim.  On this basis alone, the Motion to Amend can be denied.  *Frank v. U.S. West, Inc.*, 3 F.3d at1365–66;  *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006)("We have held that the denial of leave to amend is appropriate when the party filing the motion has no adequate explanation for the delay.")

28.   The second factual premise on which Plaintiff bases its breach of fiduciary duty by the Defendants involves the assertion that the Defendants had an "affirmative duty to act on the Court's order of February 6, 2008" to modify Plaintiff's existing contract to add missing tribal shares or to "seek the Court's permission not to do so." [Doc. 107-1 at ¶ 31.] As noted above, Plaintiff made no attempt to amend or supplement its Complaint to include a claim for breach of fiduciary duty until over four years after the Court's order.  Again, Plaintiff provides no reason

for its failure seek to supplement its Complaint prior to April of 2002.[3]

29.   Plaintiff appears to argue that its claim for breach of fiduciary duty was pled by implication in its Complaint by virtue of the fact that the controversy arose under the ISDA. [Doc. 111 at pp. 2-4.]   It further states that "Defendants [had] ample actual notice of the claim based on their unique duties and Plaintiff's intention to present evidence to this effect." [Doc. 111 at p. 4, capitalization omitted.] Pleading a cause of action by implication through evidence garnered in discovery is far removed from the well established rules of pleading set forth in the Federal Rules of Civil Procedure. *See* Fed.R.Civ.P. 8 (a).  A claim for relief must contain a statement of the court's jurisdiction, a statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. *Id.*

30.   Plaintiff did not plead a claim for breach of fiduciary duty in its Complaint. Plaintiff had a duty to supplement its Complaint in a timely manner after it learned of facts that may have given rise to a claim for breach of fiduciary duty and Plaintiff failed to do so.  *See Guidance Endodontics*, 2009 WL 3672505 at *3.   Failure to timely supplement, without a reasonable explanation, is also a basis upon which to deny the Motion to Amend.

---

[3] Plaintiff also fails to mention that pursuant to Judge Vazquez's Memorandum Opinion and Order [Doc. 47] filed February 6, 2008 it was Plaintiff who was to submit a form of order which required Defendants to reverse their declination and to then present it to Defendants and the Court.  If the parties were unable to agree on the form of the order Plaintiff was to file a motion for presentment hearing [*Id.* at p. 17].  On February 22, 2008 Plaintiff filed a Motion for a presentment hearing and attached a copy of the proposed order. [Doc. 50.] On September 10, 2008 Plaintiff filed a Notice of Revised Proposed Order. [Doc. 56.] On July 22, 2009 Plaintiff filed a Second Revised Proposed Order. [Doc. 63.] That was the last attempt by Plaintiff to get Judge Vazquez to enter an Order pursuant to her Memorandum Opinion and Order [Doc. 47.] Plaintiff did not request a status conference with the Court or submit another motion for a presentment hearing.  More importantly, Plaintiff did not file a motion requesting that Defendants be required to do something or seeking to amend its Complaint because of Defendant's failure to take any action.

31.   In addition, permitting Plaintiff's Motion to Amend at this late date in the litigation would prejudice the Defendants "in terms of preparing their defense to the amendment." *Minter*, 451 F.3d at 1207-08, quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971).  Plaintiff's claim for breach of fiduciary duty constitutes a new claim which, as Defendants point out, would require additional discovery and  "substantive briefing and argument, starting with whether there is a fiduciary duty owed to Plaintiff, the scope of the duty, and whether there was any breach of the duty." [Doc. 110 at p. 8-9.]  Defendants would suffer undue prejudice if the Motion to Amend was permitted at this late date.  Similarly, and for the same reasons, Defendants would have suffered undue prejudice had the Motion to Amend been permitted at the time it was filed in April of 2012.

32.   Finally, the Tenth Circuit observed as follows:

> As other courts of appeal have stated: A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. Liberality in amendment is important to assure a party a fair opportunity to present his claims and defenses, but "equal attention should be given to the proposition that there must be an end finally to a particular litigation." [Citation omitted.]

*Pallottino v. City of Rio Rancho*, 31 F.3d 1023, 1027 (10th Cir.1994) quoting *Freeman v. Continental Gin Co.*, 381 F.2d 459, 469–70 (5th Cir.1967); *see also Humphreys v. Roche Biomedical Labs., Inc*., 990 F.2d 1078, 1082 (8th Cir.1993); *Lussier v. Dugger*, 904 F.2d 661, 667 (11th Cir.1990); *FDIC v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986).

## RECOMMENDED DISPOSITION

For the reasons stated above the undersigned Magistrate Judge recommends that the Court deny Plaintiff's Motion and Memorandum for Leave to File First Amended Complaint. [Doc. 107.]

Timely objections to the foregoing may be made pursuant to 28 U.S.C. § 636(b)(1)(c).

Within fourteen days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to § 636(b)(1)(c), file written objections to such proposed findings and recommendations with the Clerk of the United State District Court, 333 Lomas N.W., Albuquerque, NM 87102.  A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE